# 17-808-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

━━━━▶◀━━━━

GREAT MINDS,

*Plaintiff-Appellant,*

v.

FEDEX OFFICE AND PRINT SERVICES, INC.,

*Defendant-Appellee.*

―――――――――

*On Appeal from the United States District Court
for the Eastern District of New York (Central Islip)*

**APPELLANT GREAT MINDS' OPPOSITION TO MOTION
FOR LEAVE TO FILE BRIEF AND PARTICIPATE IN
ORAL ARGUMENT AS *AMICUS CURIAE* BY
CREATIVE COMMONS CORPORATION**

Rhett O. Millsaps, II
LAW OFFICE OF RHETT O. MILLSAPS II
745 Fifth Avenue, Suite 500
New York, New York 10151
646-535-1137

*and*

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
　KRINSKY & LIEBERMAN, P.C.
61 Broadway, 18th Floor
New York, New York 10006
212-254-1111

*Attorneys for Plaintiff-Appellant*

Pursuant to Rules 27 and 29 of the Federal Rules of Appellate Procedure, appellant Great Minds submits this opposition to (i) the Motion of Creative Commons Corporation ("CC") for Leave to File Brief as *Amicus Curiae* in Support of Appellee and Affirmance of the District Court and (ii) the Motion of CC for Leave to Participate in Oral Argument.

**I.     THE COURT SHOULD DENY CREATIVE COMMONS LEAVE TO FILE ITS PROPOSED *AMICUS* BRIEF BECAUSE THE BRIEF IS IRRELEVANT TO THIS APPEAL**

Great Minds is mindful that the Court routinely accepts *amicus* briefs, but the Court should exercise its discretion and deny CC's motion for leave in this instance for the same reason the district court denied CC's motion for leave to file its brief below: CC's proposed *amicus* brief simply is not relevant or useful to the Court in this appeal. *See* F. R. App. P. 29(a)(3)(B); *Lopez Torres v. New York State Bd. of Elections*, 300 Fed.Appx. 106, 107, 2008 WL 4936700, *1 (2d Cir. Nov. 19, 2008) (dismissing motion for leave to file *amicus* brief because, *inter alia*, the "proposed brief [was] largely irrelevant"); A5 (District Court Dkt No. 25).

It is undisputed that, in order to prevail in this appeal, FedEx must demonstrate that the language of the CC Public License at issue is *unambiguous on its face* in FedEx's favor. *See* Great Minds Opening Br. at 12; FedEx Opp. Br. generally; Great Minds Reply at 3. CC seeks leave to file a proposed *amicus* brief that contains numerous factual statements not in the record and that purportedly

1

would "aid the Court's consideration of this appeal" by (i) "walking through the mechanics of how" the Public License works based on CC's "experience and intimate familiarity with the license" and (ii) "discussing relevant public policy concerns…" ECF No. 40 (CC motion at 2).

While this information could be relevant on remand as the case proceeds on the merits and the record is developed (if the language of the Public License is held to be ambiguous), "at this stage" – as the district court ruled below in denying CC leave to file an *amicus* brief there supporting FedEx's motion to dismiss – "the Court is limited to determining whether the License is unambiguous in [FedEx's] favor based on its 'four corners,' rendering Creative Common's [*sic*] familiarity and perspective irrelevant at this juncture." A5, District Court Dkt No. 25 at 2 (quoting *Ariel (UK) Limited v. Reuters Group PLC*, 2006 WL 3161467, at *5 (S.D.N.Y. Oct. 31, 2006) and *Powlus v. Chesley Direct LLC*, 2011 WL 135822 (S.D.N.Y. Jan. 10, 2011)). *See also Riverside South Planning Corp. v. CRP/Extell Riverside, L.P.*, 13 N.Y.3d 398, 404, 920 N.E.2d 359, 892 N.Y.S.2d 303 (2009) ("Ambiguity is determined by looking within the four corners of the document, not to outside sources") (quoting *Kass v. Kass*, 91 N.Y.2d 554, 566, 673 N.Y.S.2d 350, 696 N.E.2d 174 (1998)).[1] Public policy concerns cannot aid FedEx in this appeal for the same reason; if the Court needs to consider them, it is an indication that the

---

[1] The parties concur that New York contract law applies in this appeal. *See* FedEx Opp. Br. at 15.

language of the Public License is ambiguous, which would require the Court to rule in Great Minds' favor and remand the case.

Accordingly, the Court should exercise its discretion and deny CC's motion for leave to file its proposed *amicus* brief at this stage. If, however, the Court grants CC leave to file its brief, Great Minds respectfully requests that the Court grant Great Minds leave to file a supplemental brief responding to the points raised in CC's brief, particularly since the parties have not requested oral argument in this appeal.

**II.     THE COURT SHOULD DENY CREATIVE COMMONS LEAVE TO PARTICPATE IN ORAL ARGUMENT, IF HELD**

The parties did not request oral argument in this appeal, so CC's request to participate in oral argument should be moot. *See* ECF Nos. 56-57. If the Court decides to hold oral argument, however, Great Minds opposes CC's request to participate, particularly in light of the limited issue before the Court – *i.e.*, whether the language of the Public License is unambiguous on its face in FedEx's favor. CC concedes that "the parties are ably represented in this matter," *see* ECF No. 59 (CC motion at 1), and the information that CC seeks to interject is irrelevant and unhelpful to the Court in this appeal for the reason discussed in section I, *supra*.

## CONCLUSION

For the foregoing reasons, the Court should deny CC's motions for leave to file the proposed *amicus* brief and to participate in oral argument (if argument is

3

held). If the Court exercises its discretion to accept CC's proposed *amicus* brief, then Great Minds respectfully requests that the Court grant Great Minds leave to file a supplemental brief to respond to the points raised by CC that were not raised by FedEx.

Dated: July 14, 2017

Respectfully submitted,

LAW OFFICE OF RHETT O. MILLSAPS II

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II

745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 535-1137
rhett@rhettmillsaps.com

RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.

/s/ *Eric M. Lieberman*
Eric M. Lieberman
61 Broadway, Suite 1800
New York, NY 10006
Tel: (212) 254-1111
Fax: (212) 674-4614
Email: elieberman@rbskl.com

*Attorneys for Plaintiff-Appellant Great Minds*